IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:03cv296

| | |
|---|---|
| DEBORA ODOM and CALVIN STROUD, Individually, and as Co-Administrators of the Estate of TYREZE ODOMS, Deceased, <br><br> Plaintiffs, <br><br> Vs. <br><br> CLEVELAND COUNTY, NORTH CAROLINA; CLEVELAND COUNTY SHERIFF'S DEPARTMENT; SOUTHERN HEALTH PARTNERS, INC.; RAYMOND HAMRICK AS SHERIFF OF CLEVELAND COUNTY; TIMOTHY BRACKEN Individually; ROGER JUSTICE, Individually; CURTIS WOOD, Deceased, Individually; SANDRA PACKARD, Individually; PHYLLIS B. SIMS, Individually; JACK SIMPSON, Individually; LAURIE BUMGARNER, MD, Individually; and CHARLOTTE LIBERTY MUTUAL INSURANCE COMPANY, surety for the Sheriff of Cleveland County <br><br> Defendants. | ORDER |

**THIS MATTER** is before the court on plaintiffs' Motion to Compel Defendant Sheriff Hamrick to Produce Discovery Requests dated July 1, 2005. At issue are audio and video tape statements of Brandon Smith, Christopher McGill, Christopher Word, Eric Stewart, and Curt Wood. In their response, defendants concede such material is discoverable, but state that they cannot locate these documents and state that they are missing. Based on the memorandum in support and the response, there is no need to await a reply inasmuch as resolution of this issue is governed by the Doctrine of Spoliation. The unexplained disappearance of audio and video taped interviews concerning the death of an incarcerated person raises serious concerns, and it is hard to conceive how a law enforcement agency, skilled in establishing a chain of custody in criminal cases and tasked with the duty of maintaining evidence, could simply lose audio and video tapes concerning a death

1

that occurred in their own facility. Courts, however, do not automatically ascribe an unlawful intent to anomalous record keeping.

This issue was addressed by the Court of Appeals for the Fourth Circuit in Cole v. Keller Industries, Inc., 132 F.3d 1044 (4th Cir. 1998), which will be quoted at length because it is instructive:

> We turn first to the question of spoilation of evidence and the question of the district court's exclusion of plaintiff's evidence and then granting judgment. This circuit has addressed the spoilation of evidence rule in only one case and held that it is a rule of evidence. Vodusek, 71 F.3d at 047 155-57. In Vodusek, not basing our ruling on bad faith, we approved the trial court's instruction to the jury that it could draw an adverse inference from the plaintiff's destruction of evidence under much the same circumstances as were present here. Vodusek, 71 F.3d at 155-57. We did not address any more severe action than drawing an adverse inference, and stated that bad faith was not required to permit the jury to draw an adverse inference. Nevertheless, the vast weight of authority, including the Virginia Supreme Court, holds that absent bad-faith conduct applying a rule of law that results in dismissal on the grounds of spoilation of evidence is not authorized. See Berthold-Jennings Lumber Co. v. St. Louis, I.M. & S. Ry. Co., 80 F.2d 32, 41-42 (8th Cir.1935); Trupiano v. Cully, 349 Mich. 568, 84 N.W.2d 747 (1957); Gentry v. Toyota Motor Corp., 252 Va. 30, 471 S.E.2d 485 (1996).
>
> FN1. Virginia has not decided whether a presumption results after spoilation of evidence. See 9 Wigmore, Evidence S 2524 (Chadbourn rev.1981); 29 Am.Jur.2d Evidence S 244 (1994). We express no opinion on that question and decline to decide whether there is such a presumption under Virginia law. Nevertheless, when a State decides that a presumption arises as Kentucky had in Welsh v. United States, 844 F.2d 1239, 1245-47 (6th Cir.1988), Federal Rule of Evidence 302 was applied to apply state law. If Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), as construed in Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), were applied here, to avoid different results depending on whether state or federal law applied, and no federal rule intervened, precedent would seem to indicate that Virginia law should apply, and bad faith would be required before a case could be dismissed for spoilation. The Virginia court so held in Gentry v. Toyota Motor Corp., 252 Va. 30, 471 S.E.2d 485 (1996). Thus, for the present appeal, the result, no matter how arrived at, would be the same as we reach in this decision. We decide neither of these other questions, however, and include mention of the same for the sake of completeness.
>
> We do not find bad faith, or any like action, in the case at bar and therefore do not agree with the district court's drastic remedy. The plaintiff's attorney gave the ladder to Taber to determine the cause of the accident. In the course of his testing, he ground off the head of two front rivets and removed the third step. Nevertheless, there is no evidence that Taber's actions were undertaken in an effort to prevent the defendant from inspecting and testing the ladder. In fact, the defendant was able to inspect and test the ladder. It hired two experts, both of whom were able to reach conclusions regarding the cause of the accident despite Taber's mistake. They found that the rivet failed, but concluded that the rivet was not the cause of the accident because it failed during some earlier usage. (JA 71, para. 7; JA. 127, para. 5.) Indeed, this record does not show that the defendant's experts ever stated that the

> mistake by Taber had interfered with their investigation. Because the plaintiff, in fact, destroyed evidence, however innocently, a jury instruction, as in Vodusek, permitting an adverse inference to be drawn might have been appropriate. But that question is not before us, and because the plaintiff did not intentionally destroy the evidence, and bad faith was not shown, excluding plaintiff's evidence and granting judgment was excessive and was an abuse of discretion. The remedy chosen by the district court was simply too severe in the circumstances.

Id., at 1046-47.

While state law does not typically, supply the rule of decision in Section 1983 actions, this court will consider North Carolina law inasmuch as federal and state courts enjoy concurrent jurisdiction over Section 1983 claims, Felder v. Casey, 487 U.S. 131, 139 (1988), and the law in North Carolina concerning the Doctrine of Spoliation has been well established (although infrequently employed) since 1835. North Carolina case law provides that spoliation, if proved, creates a presumption:

> Every inference will be indulged against a party who destroys papers material to the case. Every presumption will be adopted against a litigant who suppresses evidence that would illustrate his case. "*Omnia praesumuntur contra spoliatorem.*"

Henderson v. Hoke, 21 N.C. 119 (1835). Due to a lack of developed case law, this court believes federal and state courts faced with such an issue would look to the common law rule of spoliation, as stated in a respected treatise, such as *American Jurisprudence*. That treatise provides that an inference will only arise where the act of spoliation was intentional; that is, where it is shown that the party who destroyed evidence intended "to suppress the truth," as opposed to destroying the evidence as a matter of course. 29 Am.Jur.2d , Evidence § 244 (1988). Plaintiffs will be granted leave to take court sanctioned discovery during the next 30 days on the issue of intentional spoliation, including but not limited to deposing the custodian of such records and employing other methods of discovery concerning the handling of such materials. The issue of whether the jury should be instructed on the inference which arises upon a showing of intentional spoliation will be left open for determination at trial.

Prior to filing a motion for summary judgment, defendants may well wish to consider the Doctrine of Spoliation and its impact on such a motion. Even if plaintiff does not develop evidence

indicating intentional spoliation in time to respond to a motion for summary judgment, the Doctrine of Spoliation would have to be resolved in plaintiffs' favor for the limited purpose of summary judgment and could well result in summary denial of any such motion.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiffs' Motion to Compel Defendant Sheriff Hamrick to Produce Discovery Requests is **ALLOWED**, and such defendant is instructed to turn over to plaintiffs such materials forthwith. Absent such production, plaintiffs are **GRANTED** leave to conduct discovery concerning the disposition of such discoverable material as discussed in this Order. The issue of whether the jury should be instructed as to the inference which arises upon spoliation of evidence is left for resolution at trial. The imposition of costs, fees, and reasonable expense, as allowed under Rule 37(a)(4), is reserved for resolution at the conclusion of trial.

**Signed: July 14, 2005**

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge